IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Dwight E. Moss, | ) | Civil Action No. 8:19-cv-02280-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden B. Dobbs, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Dwight E. Moss, proceeding *pro se*, filed for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Habeas Petition"). The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 12.) For the reasons stated below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 12) and **DISMISSES** Petitioner's Habeas Petition (ECF No. 1) without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*See* ECF No. 12 at 1-6.) On August 14, 2019, Petitioner filed this action claiming an unlawful conviction under 18 U.S.C. § 922(g) and requesting that the court vacate his conviction and order his release from custody. (ECF No. 1 at 7.) The Magistrate Judge determined that "Petitioner was charged . . . with being a felon in possession of a firearm, and he was convicted by a jury . . . he contends that his conviction . . . is unlawful, and he appears to present three grounds to support his contention." (ECF No. 12 at 5.) Specifically, Petitioner's claims are: (1) "in light of *Rehaif v. United States*, 139 S. Ct. 914 (2019), he is innocent of the charge of violation [Section] 922(g) . . ."; (2) "he is actually and factually innocent of his conviction for violating [Section] 922(g) because the firearm that gave rise to his conviction was

1

manufactured in the same state in which it was seized . . . ."; and (3) "the sentencing court improperly calculated the amount of loss for which Petitioner was responsible and unlawfully and unconstitutionally departed upward to impose an unconstitutional amount of restitution . . . ." (*Id.*) On September 23, 2019, the Magistrate Judge issued a Report recommending that the Habeas Petition be dismissed without prejudice for lack of subject matter jurisdiction. (ECF No. 12 at 18.) The parties received notice of the October 7, 2019, due date for filing objections to the Report. (*Id.*)

## II. LEGAL STANDARDS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents

2

to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. ANALYSIS

The record shows that Petitioner has failed to file any objections to the Report (ECF No. 12), thus the court must only review the record to ensure that there is no clear error. *See Diamond*, 416 F.3d at 315. Here, the Magistrate Judge relied on the "Savings Clause Test" in determining that the Habeas Petition must be dismissed for lack of subject matter jurisdiction. (ECF No. 12 at 7.) The Report provides:

> Accordingly, Petitioner cannot challenge his federal sentence under [Section] 2241 unless he can satisfy the requirements of the [Section] 2255 savings clause, which states: 'An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.' In other words, as applied here, Petitioner's [Section] 2241 action is barred unless he can demonstrate that the relief available to him under [Section] 2255 is inadequate or ineffective.

(*Id.* at 7-8 (citing 28 U.S.C. § 2255(e)).)

As to Section 922(g), the Magistrate Judge concluded that "Petitioner is attempting to rehash old arguments about whether the Government met its burden of [proof] . . ." and that "[his] argument fails because the Government met its requisite burden . . . proving that Petitioner knew

3

of his status as a convicted felon . . . knowingly possessed a firearm, and the firearm traveled in interstate commerce" because Petitioner stipulated in court "as to all of the essential elements contained in Count VI other than possession" and "[t]he jury returned a guilty verdict on that charge after hearing evidence and being instructed by the [c]ourt as to the issue of possession." (ECF No. 12 at 12.)

As to Petitioner's contention that "he is innocent of being a felon in charge of possession . . . because the firearm never traveled in interstate commerce[,]" the Magistrate Judge determined that "Petitioner's argument is without merit . . . [Petitioner] stipulated at trial that the gun traveled in interstate commerce . . . ." (*Id.* at 16.) Furthermore, regarding the forfeiture determination, "Petitioner advances no basis to show that he meets the [S]avings [C]lause [T]est." (*Id.* at 18.) The Report indicates that "Petitioner fails to identify any charge in the substantive law subsequent to his direct appeal and first [Section] 2255 motion . . . [and] the [c]ourt is unable to glean any substantial argument from the Petition in this case showing that the [c]ourt has jurisdiction over this claim . . . ." (*Id.*) Consequently, the court finds that Petitioner is not entitled to relief under Section 2241.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 12) and **DISMISSES** Petitioner Dwight E. Moss' Petition for Writ of Habeas Corpus (ECF No. 1) without prejudice and without requiring Respondent to file an answer or return.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

4

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 31, 2019
Columbia, South Carolina